Argued and submitted July 17, affirmed October 25, 1989

BROWN et vir,
*Appellants,*

*v.*

COMERFORD,
*Respondent.*

(87-CV-0124-JC; CA A49154)

781 P2d 857

Roy Kilpatrick, Mt. Vernon, argued the cause for appellants. With him on the briefs were Mike Kilpatrick, Mt. Vernon, and James A. Johnson and Johnson, Weis, Paulson & Priebe, P.C., Rhinelander, Wisconsin.

Alan R. Beck, Portland, argued the cause for respondent. With him on the brief was Cooney, Moscato & Crew, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff Lila Brown was treated for cancer by the defendant physician, a radiation oncologist. Because the equipment used in the therapy was incorrectly calibrated, he administered 14 percent more radiation to her than the amount prescribed, and plaintiffs brought this action for her resulting injuries. The equipment was calibrated by medical physicists, who were hired by the hospital at which defendant is based. Defendant was not involved in or responsible for the miscalibration, and plaintiffs do not assert that he was negligent in any way. Their theory of liability is that "ionizing radiation used in the treatment of cancer [is] an abnormally dangerous activity" and, therefore, that defendant is strictly liable.

Defendant moved for a directed verdict at the close of plaintiffs' case. The trial court made findings and conclusions pursuant to ORCP 54B(2) and ORCP 62 and granted the motion. Plaintiffs appeal and assign error to the directed verdict. The issue here, as in the trial court, is whether the administration of radiation therapy of the kind undergone by Mrs. Brown is an abnormally dangerous activity. The trial court concluded that the evidence could not establish that the therapy created a "potential for harm beyond the intended therapeutic destruction of cells if reasonable care is exercised" and that it is therefore not abnormally dangerous. We agree and affirm.

Plaintiffs argue that, because radiation therapy has the potential for destroying healthy as well as malignant cells and sometimes produces injuries, complications and fatalities, it is *ipso facto* abnormally dangerous. However, the evidence showed conclusively that the dangers to which plaintiffs point are inherent in the treatment and must necessarily be encountered to obtain its benefits. In radiation therapy, the person who benefits by the treatment is the same person who might suffer damage from the treatment. The aim of radiation therapy is to eradicate cancer cells. Damage to surrounding healthy cells is a necessary and usual component of the treatment directed at unhealthy ones; because malignant cells are more susceptible to radiation, the therapeutic objective is to introduce an amount of radiation that destroys them while preserving enough healthy cells to allow regeneration and

healing. Nevertheless, some damage to and destruction of healthy cells is unavoidable in the procedure.

■     In short, the danger that plaintiffs identify is unavoidable. We do not agree that that danger can render an accepted method of treatment an abnormally dangerous activity. We decline to apply the strict liability doctrine to it.

■     Plaintiffs also base their conclusion that the activity is abnormally dangerous on their evidence about incidents of deficient use of equipment or administration of therapy. That evidence took two forms: that a substantial number of patients, in addition to Mrs. Brown, were treated with and were harmed or potentially harmed by the same miscalibrated equipment and that there had been approximately 12 reported incidents of improper administration and accompanying injuries around the country. We do not agree that that evidence can lend support to the conclusion that radiation therapy is an abnormally dangerous activity. The other incidents, like the miscalibration here, resulted from human error or negligence. As the court said in *Koos v. Roth,* 293 Or 670, 681-82, 652 P2d 1255 (1982): "[T]he focus in our cases has been on assessing abnormal hazards by their potential for harm of exceptional magnitude or probability *despite the utmost care.*" (Emphasis supplied.)

Affirmed.